HEARD APRIL TERM, 1878.

## RODDY *vs.* PURDY.

A sale of delinquent land for taxes of the fiscal year commencing 1st November, 1873, made on 18th May, 1874, under an order of the Comptroller General, approved by the Governor, extending the time for the sale of delinquent lands: *Held* to be irregular and void.

The Act approved 19th March, 1874, in relation to the assessment and collection of taxes, repeals all previous Acts fixing a day for the sale of lands for taxes.

The repealing clause of the Act of March 19th, 1874, in relation to the assessment and taxation of property, repeals all preceding Acts authorizing the Comptroller General to extend the time for the sale of delinquent lands for the payment of taxes, inclusive of the Act of 6th of February, 1874. It follows, therefore, that an order of the Comptroller General, made under the last named Act to extend the time for the sale of delinquent lands for taxes of the fiscal year commencing November 1st, 1873, was unauthorized by law, and that a sale made under such order was null and void.

BEFORE HUDSON, J., AT CHESTER, MARCH TERM, 1878.

Action by W. Lyle Roddy against Thomas Purdy for the recovery of real estate.

The case is as follows:

The plaintiff claimed the land in dispute under a tax title from the Auditor of Chester County to him, bearing date May 18th, 1874, on which day it was sold by the County Treasurer and bid off by the plaintiff. The sale was for delinquent taxes of the fiscal year commencing November 1st, 1873. The defendant was in possession of the land as tenant of the owner, and the only question made in the case was whether the sale could legally be made on the 18th of May, 1874.

The plaintiff proved that the sale was made under an order dated April 22d, 1874, by the Comptroller General, approved by the Governor, which extended the time for the sale of delinquent lands for taxes of the fiscal year commencing November 1st, 1873, to and inclusive of the day on which the sale was made.

His Honor instructed the jury in substance that the sale was invalid, because not made at the time authorized by law, and, therefore, that the deed under which the plaintiff claimed was void.

The jury found for the defendant, and the plaintiff appealed on the ground of error in the instructions of the presiding Judge.

*J. & J. Hemphill,* for appellant.

*Patterson & Gaston,* contra.

July 28, 1878. The opinion of the Court was delivered by

WILLARD, C. J. The action is for recovery of land upon the strength of an Auditor's deed upon a sale for taxes. The only exceptions presented arise upon the charge to the jury and relate to the regularity of the proceedings for the sale of the land for non-payment of taxes. The land in question was sold on the 18th day of May, 1874, to satisfy taxes assessed upon it for the fiscal year commencing November 1st last preceding that date.

The Act for the assessment and collection of taxes in force at the date of the sale was that passed March 19th, 1874.—15 Stat., 731. By that Act the sales of delinquent lands were to take place, commencing on the second Monday of March and ending on the following Friday. The sale in question did not take place at the time fixed by the Act in force at the time of such sale, and no authority for such sale was derived from said Act.

The question then arises, was the sale authorized by any statute antecedent to that of March 19th, 1874? The last named Act re-

peals all Acts or parts of Acts inconsistent with its provisions. The preceding statutes, so far as they designated a different day for the sale of lands for taxes, were necessarily repealed. There is no natural repugnancy in having more than one day in the year designated for the sale of lands for the payment of taxes, but when we consider the reasonable intent of the statute we must conclude that the coexistence of two or more different days in one year for such sales is inconsistent with the object of the Act. The object of fixing a single day for such sales is to render convenient, certain and notorious the time of such sales, as uncertainty and inconvenience would arise from their frequent or irregular occurrence, so that all who are likely to be affected by such sales may be fully informed and aided to protect their rights and interests. Such objects would be seriously interfered with if sales of land for taxes of the same or different years were to be made on different days. It was the evident intent of the statute to perfect a uniform system of assessing and collecting taxes to supersede all others, as clearly gathered both from the title and the body of the Act, and the repealing clause was added in order to promote that end. Such being the case, the antecedent Acts must be regarded as repealed not only in their provisions as to the mode of assessing taxes, but also as to collecting them, including the designation of a day for making sales of land in satisfaction of taxes assessed upon them.

It remains to be considered whether under the Act of February 6th, 1874, the day on which the lands in question were sold was legally designated for that purpose independently of the operation and effect of the Act of March 19th, 1874, already considered. The Act of February 6th gives authority to the Comptroller General, with the approval of the Governor, to extend among other things "the time when the advertisement and sale of such delinquent lands may be made, so as the same may conform as near as may be to the period fixed by law," and declares that proceedings had thereunder shall have the same validity as if done " within the periods fixed and specified by law."

The Act allows this power of extension to be exercised only if any of the acts required to be performed by the general tax law "cannot, for want of proper time, be so performed in the payment or collection of taxes to be levied to meet the appropriations for the fiscal year commencing November 1st, 1873." Under this Act the Comptroller General extended the time for the sale of delinquent

lands to the 18th day of May, 1874, the day on which the land in question was sold.

It does not appear in allegation or in proof that the official acts required to be performed by the general tax Act, to which the statute referred, would not have been performed within the periods fixed by law. Whether such proof was essential to give validity to the authority conferred upon the Comptroller General need not be considered under the view we take of the case, for even if duly exercised it would not have the effect of establishing such day of sale as against the repealing effect of the Act of March 19th, 1874. Assuming, then, that the authority of the Comptroller General was duly exercised, could it have the effect of giving legality to sales made on the 18th day of May, 1874? Although as the law stood prior to the Act of March 19th, 1874, the designation of a legal day of sale arose, in the cases specified, under the action of the Comptroller General, yet the authority to sell depended on the force and effect of the general tax Act. The repeal of that Act by that of March 19th, 1874, destroyed the source of that authority and consequently the authority itself. The day designated by the Comptroller General was a substitute for that fixed by the law as it then stood, and a sale on such substituted day could have no different effect than if that had been the day designated by the statute for that purpose. Such a designation by the statute would have ceased to operate with the repeal of the statute, and the same result must follow as it regards the day substituted therefor under the authority conferred on the Comptroller General. Although such authority was conferred by an Act independent of the general tax Act, yet, as auxiliary to it, it is clearly within the repealing effect of the Act of March 19th, 1874, inasmuch as its object is to give efficacy by extension to the provisions of an Act repealed by that Act.

It is unnecessary to consider the several propositions submitted to the jury by the Circuit Judge, for it is evident that if erroneous the plaintiff was not prejudiced by such error. Had the Circuit Judge given due effect to the repealing clause of the Act of March 19th, 1874, the necessary result would have been precisely that which occurred, namely, a verdict for defendant. If the day of sale was not authorized by law, it is clearly immaterial whether the terms of sale were or were not conformable to law. As these were the matters to which the charge related, it is clear that it must be

regarded as immaterial as it regards the question fundamental to the case and need not be considered.

The true question was suggested to the jury in the qualification made by the Judge in submitting matters which the plaintiff had requested to be charged. There the question is stated as involving the legality of the time of sale, but no view of the law appears to have been submitted on that point.

This was a proper modification of the request to charge and involved the real question; and as the jury found consistently with the correct view of the law, the verdict ought not to be disturbed.

The proposition involved in the plaintiff's request to charge depends upon the effect of an Auditor's deed by way of estoppel, but the deed not having been made with due authority it cannot operate by way of estoppel. Failing to operate directly, it cannot operate indirectly.

The appeal must be dismissed.

*McIver*, A. J., and *Haskell*, A. J., concurred.